## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DG AUTO PARTS, LLC** | : | |
| 527 Okerson Road | : | |
| Freehold, NJ 07728 | : | |
| | : | Case No: |
| and | : | |
| | : | |
| **JUSTIN CARNEVALE** | : | |
| 110 W. Hartranft Blvd. | : | Judge |
| East Norriton. PA 19401 | : | |
| | : | |
| Plaintiffs, | : | Magistrate Judge: |
| | : | |
| vs | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY** | : | |
| **U.S. CUSTOMS AND BORDER** | : | |
| **PROTECTION** | : | |
| 6747 Engle Road | : | |
| Middleburg Heights, OH 44130 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT AND MOTION TO SET ASIDE DECLARATION OF FORFEITURE

1.      This is a case to recover $94,355 in cash wrongfully seized from Plaintiffs DG Auto

Parts, LLC and Justin Carnevale by Defendant U.S. Department of Homeland Security and held

by U.S. Customs and Border Protection.

2.      Plaintiff DG Auto Parts, LLC ("DG Auto") is a corporation with its principal place

of business in the State of New Jersey.

3.      Plaintiff Justin Carnevale ("Carnevale") is a citizen of of the United States of

America and a resident of the State of Pennsylvania.

4.      Defendant United State of America is the national government established by the United States Constitution.

5.      Defendant U.S. Customs and Border Protection is an administrative agency of the United States within the and under the administrative umbrella of Defendant U.S. Department of Homeland Security.

6.      This Court has jurisdiction to hear this matter as a federal question arises under 18 U.S.C. §983(e).

7.      Venue is proper in this District Court under 28 U.S.C §1392(e)(1)(B) because the police stopped Carnevale in Lucas County, Ohio and the subject money was seized by Homeland Security in Lucas County, Ohio.

8.      On March 10, 2021, U.S. Homeland Security seized $94,355 in cash that was in the actual possession of Carneavale while he was in Lucas County, Ohio.

9.      On April 20, 2021, a Notice of Seizure and Information to Claimants CAFRA Form was sent to Carneavale.  The CAFRA from states that the property was seized and subject to forfeiture under 18 USC 981(a)(1)(A), 18 USC 1956(c)(7)(A), 18 USC 1961(1)(B), 18 USC 2315 – Sale, Receipt or Possession of Stolen Goods Moved Interstate or Across a U.S. Boundary.

10.     On May 17, 2021, a 30-day extension to file the petition was granted, extending the deadline to June 15, 2021

11.     On June 15, 2021, Plaintiffs filed their petition seeking the return of the seized funds.  In support of their request for the return of the seized funds, Plaintiffs provided Defendant with evidence showing the origins of the cash coming for DG Auto's bank account and that this money was used to purchase catalytic converts and diesel particulate filters ("DPF") in multiple different States.

12.     In a civil forfeiture proceeding, CAFRA requires the government to prove, by a preponderance of the evidence, that property is subject to forfeiture – ie., the sale, receipt or possession of stolen goods moved interstate or across a U.S. Boundary.

13.     Thus, Defendant must show that the $94,355 at issue was stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken.

14.     On December 10, 2021, Defendant issued its Decision denying the petition of Plaintiffs seeking the return of the seized funds without providing sufficient proof that the subject funds were stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken.  Attached hereto and marked as Exhibit 1.  This Decision was not received until December 16, 2021.

15.     Carneavale is an employee of DG Auto.

16.     DG Auto is based in and operates their business out of New Jersey.

17.     DG Auto, in its regular course of business, purchases catalytic converters and DPFs and resells them so that the precious minerals inside of them can be recycled.

18.     To facilitate this aspect of its business, employees of DG Auto, like Carneavale, travel across the country to meet with sellers and purchase catalytic converters and DPFs.

19.     Often, they purchase more than 100 converters from a single buyer and will make multiple purchases on a single trip.  The price of a single catalytic converter can range in price from as low as $20 to over $2000.  To this end, it is necessary for the employees of DG Auto, while on purchasing trips, take with them large amounts of cash to make these transactions possible.

20.     On March 5, 2021, DG Auto withdrew $250,000 from its TD Bank account.  This withdrawal of money was used to provide funds for the trip on which the property in question was seized.

21.     On this trip, DG Auto engaged in 5 separate transactions purchasing 649 catalytic converters and DPFs for a grand total of $175,808 spent.

22.     Of those 5 transactions, 4 were funded by the $250,000 cash withdrawal on March 5,2021. The amount paid in those 4 transactions were $40,700, $46,040, $56,050, and $12,950, for a total of $155,740.

23.     A fifth transaction was paid via money wire rather than with money from the cash withdrawal made on the March 5, 2021.

24.     When the amount paid in cash, $155,740, is subtracted from the amount of the initial withdrawal balance, $250,000, the difference comes out to be $94,260.

25.     The money that was used to purchase the catalytic converters was kept in a backpack in the truck driven by Carneavale.

26.     Also kept in this backpack, in a separate pocket, were personal money owned by Carneavale's partner on the trip, Mr. Kariyawasam, amounting to $95.

27.     When added to the amount that was deducted from the $250,000, the total comes out to $94,355.  This arithmetic explains the existence of the cash seized by Defendant.

28.     There is no evidence to indicate that any of the money seized by Defendant was itself stolen or tied to stolen property.

29.     The seized funds do not constitute criminally derived property.  It was obtained lawfully in the ordinary course of business, and it was being used for a lawful purpose.

30.     DG Auto and Carneavale has sufficient interest in the property in question.

31.     Carneavale was in actual possession of the cash.

32.     By virtue of his employment with DG Auto, Carneavale's possession was authorized.

33.     Because Defendant is not able to meets its burden of proof to show that the seized funds were stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken, Plaintiffs seek to set aside the administrative order of forfeiture pursuant to 18 U.S.C. §983(e).

34.  In addition, DG Auto is an innocent owner of the seized funds, and it is entitled to the return of its property pursuant to 18 U.S.C. §983(d).

**WHEREFORE**, Plaintiffs DG Auto Sales, LLC and Justin Carneavale respectively request this Court to issue an Order vacating and setting aside the civil forfeiture of the seized funds and for an Order directing the Defendant and its agent to return the seized funds to DG Auto.

Respectfully submitted,

*/s/ David W. Orlandini*
**DAVID ORLANDINI, (#0064850)**
dorlandini@cruglaw.com
**COLLINS, ROCHE, UTLEY & GARNER, LLC**
655 Metro Place South, Suite 200
Dublin, Ohio 43017
Telephone: 614-901-9600
Facsimile: 614-901-2723
*Attorney for Plaintiffs DG Auto Parts, LLC, and*
*Justin Carneavale*